In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00012-CV**
_____

**IN RE MILTON BYRD PURVIS JR.**

_____

**Original Proceeding**
**411th District Court of Polk County, Texas**
**Trial Cause No. CIV31850**

_____

**MEMORANDUM OPINION**

Arguing the trial court erred in finding the attorneys representing K.W.,[1] a minor, have the authority they need to prosecute the case for the minor, Milton Byrd Purvis Jr. filed a petition for mandamus challenging the ruling denying his motion. In his petition, Purvis argues that K.W.'s attorneys, while before the trial court, failed to show they have the authority they need to represent K.W. in the suit.[2] The petition

_____

[1]We identify the minor by her initials to protect her identity. *See* Tex. R. App. P. 9.8.

[2]*See generally* Tex. R. Civ. P. 12 (Attorney to Show Authority).

1

for mandamus and exhibits Purvis filed supporting it reflect that K.W. is the plaintiff in the suit and is represented by attorneys whose authority Purvis' motion questions.

The pleadings Purvis filed to support his petition show that in the underlying lawsuit, K.W. is seeking to recover damages for injuries she alleges that she suffered when, in May 2016, Purvis' truck made "an unsafe left turn and collided into" the car in which she was a passenger. The pleadings also show that K.W.'s mother was driving the car that Purvis allegedly hit. After K.W. and her mother filed the suit, Purvis named K.W.'s mother as a responsible third party, claiming that she failed to properly restrain K.W. while K.W. was riding in the car.

K.W.'s Third Amended Petition, her live pleading, reflects that K.W.'s mother brought the suit on K.W.'s behalf and is acting as her next friend. To demonstrate that a party is entitled to relief in an original mandamus that challenges the ruling made by a trial court, the party that files the petition must show the trial court abused its discretion in the manner it ruled on the motion and show that no remedy exists to cure the alleged error by the party's filing of a regular appeal.[3]

After reviewing the petition and exhibits supporting Purvis' petition, we conclude that Purvis has failed to demonstrate he is entitled to relief. We deny the

---

[3]*See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

petition. We also deny Purvis' motion to stay the trial court's ruling on his motion to show authority.[4]

PETITION DENIED.

PER CURIAM

Submitted on January 27, 2021
Opinion Delivered January 28, 2021

Before Kreger, Horton and Johnson, JJ.

---

[4] *See* Tex. R. App. P. 52.8(a); *see also id.* 52.10.